# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ROBERTO BAEZ,

    Plaintiff,

v.

FNU JACKSON; and ROY SABINE,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-5

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while housed at Coffee Correctional Facility in Nicholls, Georgia. (Doc. 1.) For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* before this Court, (doc. 2.) Further, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## **PLAINTIFF'S ALLEGATIONS**

Plaintiff contends that he suffers from a number of medical conditions that cause him to suffer chronic pain. (Id. at p. 5.) He contends that upon arrival at Georgia State Prison, he questioned Defendant Nurse Jackson as to why he was not receiving his pain medication. Id. Jackson replied that Plaintiff had received his pain medication but that it was dissolved in water when given to Plaintiff and that Plaintiff could not distinguish the medicine. Id. Plaintiff states that this method of receiving his pain medication does not provide him with sufficient pain relief. Id. Plaintiff raised this issue with Defendant Roy Sabine, the Medical Director at Georgia State

Prision. (Id. at p. 7.) Defendant Sabine responded that the nurse was following the physician's orders. Id. Through this lawsuit, Plaintiff seeks compensatory damages, punitive damages, and that his pain pills be distributed to him properly. (Id. at p. 6.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law which require the dismissal of the Complaint.

**DISCUSSION**

**I.     Dismissal for Abuse of Judicial Process**

In his Complaint, Plaintiff indicates that he has not previously initiated any lawsuits while incarcerated or detained. (Doc. 1, p. 2.) The form Complaint directly asks Plaintiff about his prior lawsuits. Plaintiff crossed through this question indicating that it was not applicable, and he then indicated that several other questions regarding prior lawsuits were not applicable. (Id. at pp. 2–3.) However, the case management system shows that Plaintiff is a prolific litigant who has brought several previous actions and appeals while incarcerated. Indeed, in prior lawsuits, Plaintiff acknowledged that he has on three or more prior occasions brought lawsuits that have been dismissed as frivolous. R. & R. and Order, Baez v. Georgia, No. 1:12-cv-1969 (N.D. Ga. Oct. 30, 2012), ECF Nos. 4, 9 (rejecting Plaintiff's attempt to skirt "three strikes" provision of 28 U.S.C. § 1915(g) and his argument that his case was not a "civil action"); see also R.&R.and Order, Baez v. Deborah Moore, et al., No. 5:11-cv-61 (S.D. Ga. Dec. 29, 2011 ), ECF Nos. 11, 16 (rejecting Plaintiff's attempt to dodge the "three strikes" provision and his argument that he was in imminent danger of physical injury).[1]

As previously stated, Section 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines that it is frivolous or malicious, fails to state a claim, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under Section 1915. Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions." Id. at 225–26

---

[1] In Baez v. Moore, Plaintiff asserted almost identical claims to those that he asserts in the case at hand.

4

(citing Fed. R. Civ. P. 11(c)). Again, although *pro se* pleadings are to be construed liberally, "a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." Id. at 226.

Relying on this authority, the Court of Appeals for the Eleventh Circuit has consistently upheld the dismissal of cases where a pro se prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the Section 1983 complaint form. See, e.g., Redmon, 414 F. App'x at 226 (*pro se* prisoner's nondisclosure of prior litigation in Section 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same). Even where the prisoner has later provided an explanation for his lack of candor, the Court has generally rejected the proffered reason as unpersuasive. See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Another district court in this Circuit recently explained the importance of this information as follows:

> [t]he inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-CV-599-FTM-29, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted).

Plaintiff misrepresented his prolific litigation history in his Complaint. The plain language of the complaint form is clear—asking whether Plaintiff has "<u>ever filed</u> any lawsuit in while incarcerated or detained." (Doc. 1, p. 2) (emphasis added).) Thus, regardless of the outcome of Plaintiff's prior lawsuits, his initiation of those lawsuits is the precise type of activity for which this prompt requires disclosure. Plaintiff failed to fully disclose—and, in fact, affirmatively denied—the existence of a prior lawsuit, which constitutes a lack of candor that will not be tolerated in this Court.

Consequently, the Court should **DISMISS** this action for Plaintiff's failure to truthfully disclose his litigation history as required.

## II.     Dismissal Under Section 1915(g)

As explained above, a prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

> claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Furthermore, dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under § 1915(g). See Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process"). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera, 144 F.3d at 731. The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721–27.

As pointed out above, a review of Plaintiff's history of filings reveals that he has brought numerous civil actions or appeals which were dismissed and count as strikes under Section 1915(g). Indeed, this Court has previously identified Plaintiff as a "three striker." R.&R.and Order Baez v. Deborah Moore, et al., No. 5:11-cv-61 (S.D. Ga. Dec. 29, 2011 ), ECF Nos. 11, 16. Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), he may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga.

Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir.2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Plaintiff may attempt to argue that he should be excused from paying the filing fee because Defendant Jackson's method of providing him his medicine threatens to cause him physical pain. However, in a case in which Plaintiff asserted strikingly similar claims as those in this case, the Eleventh Circuit already rejected this argument. Baez v. Deborah Moore, et al., No. 12-10373-B (11th Cir. May 29, 2011). In that case, as in this case, Plaintiff alleged that he had been prescribed medication to alleviate chronic pain and that prison personnel effectively deprived him of this medication by mandating that it be crushed or dissolved in water prior to consumption. Id. at p. 2. This Court denied Plaintiff's motion to proceed *in forma pauperis* and dismissed Plaintiff's complaint without prejudice. Id. at pp. 2–3. Plaintiff acknowledged that he had accumulated at least three strikes for purposes of Section 1915(g), but argued that he had sufficiently alleged that he was in imminent danger of serious physical harm based on the ongoing consequences of the inadequate medical treatment. Id. at p. 3. In rejecting this line of reasoning, the Eleventh Circuit first pointed out that Plaintiff was receiving some measure of medical treatment and that he did not allege that he was suffering from a life threatening injury. Id. at p. 4. Significantly, the Eleventh Circuit went on to explain,

> The only persistent complication or symptom alleged with any specificity was chronic and heightened pain. Increased pain, however, does not necessarily mean that Baez's underlying conditions were significantly worsening to the extent that Baez was confronted with imminent danger of serious physical harm. It also fails to show that any conceivable deterioration was connected in any way to the alleged events that transpired while he was confined at [the prison], which ostensibly consisted of a lack of pain medication, physical therapy, and consultation with an outside orthopedic specialist.

Id. at p. 5.

These salient holdings apply with equal force to the case at hand. Plaintiff admits that he is receiving medical care at Georgia State Prison. He simply takes issue with the form of that treatment, specifically, the manner in which he receives his pain medication. Moreover, while Plaintiff makes generalized allegations of pain, he does not allege that his conditions are worsening or that Defendant's actions otherwise pose an imminent danger of serious physical injury. For these reasons, Section 1915(g) prohibits Plaintiff from bringing this action without prepaying the filing fee. This provides yet further grounds for the Court to **DISMISS** this case.

### III. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or

---

[2] A certificate of appealability is not required in this Section 1983 action.

argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Moreover, as a "three striker", Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the numerous reasons set forth above, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* before this Court.  Further, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint without prejudice, **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of February, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA