IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROBERTO BAEZ,

    Plaintiff,

v.

FNU JACKSON; and ROY SABINE,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-5

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, (doc. 3), to which Objections have been filed, (docs. 5, 6). Accordingly, the Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court, and Plaintiff's Objections are overruled.

## BACKGROUND

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) Plaintiff contends that he suffers from a number of medical conditions that cause him to suffer chronic pain. (Doc. 1, p. 5.) He claims that Defendants have violated his Constitutional right to receive medical treatment by giving him his pain medication in a dissolved form. Along with his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.)

The Magistrate Judge denied Plaintiff's Motion to Proceed *In Forma Pauperis* and recommended that the Court dismiss Plaintiff's Complaint. (Doc. 3.) The Magistrate Judge concluded that Plaintiff had abused the judicial process by failing to disclose his extensive litigation history. (Id. at pp. 4–9.) The Magistrate Judge further found that Plaintiff has filed at least three civil actions or appeals which were dismissed and count as strikes under 28 U.S.C. § 1915(g) and that Plaintiff cannot satisfy the imminent danger exception to that statute.

## DISCUSSION

The Court concurs with the Magistrate Judge's analysis and need not rehash that analysis at length. However, the Court will briefly address Plaintiff's Objections.

Plaintiff first objects to the conclusion that he has abused the judicial process in the filing of his Complaint. As the Magistrate Judge detailed, Plaintiff misrepresented his prolific litigation history when filing his Complaint on a form which prompted Plaintiff to disclose his prior lawsuits. (Id. at pp. 4–9.) In his Objections, Plaintiff points out that he admitted in his Motion for Leave to Proceed *In Forma Pauperis* that he was a "three-striker" under Section 1915(g). (Doc. 5, pp. 5–6 (citing doc. 2).) While Plaintiff's admission to being a three-striker slightly mitigates his lack of candor, it does not eliminate it. Moreover, Plaintiff represented that he had not "begun any other lawsuits in state or federal court dealing with the same facts involved in this action." (Doc. 1, p. 1.) However, Plaintiff has filed at least two prior lawsuits complaining that prison personnel deprived him of his pain medication by mandating that it be crushed or dissolved in water prior to consumption, which are the same contentions he raises in this lawsuit. See Compl., Baez v. Moore, et al., No. 5:11-cv-61 (S.D. Ga. June 10, 2011), ECF No. 1; Compl., Baez v. Alson, No. 6:13-cv-98 (S.D. Ga. Oct. 30, 2013), ECF No. 1.

Plaintiff also objects to the conclusion that his Complaint fails to show that he is in imminent danger of serious physical injury. (Doc. 5, pp. 6–9.) The Magistrate Judge pointed out that this Court and the Eleventh Circuit have previously rejected Plaintiff's imminent danger argument based on claims very similar to those he makes in this case. (Doc. 3, p. 8 (citing Baez v. Moore, et al., No. 12-10373-B (11th Cir. May 29, 2011).) Plaintiff states that reliance on that prior case is improper because he has since been diagnosed with degenerative joint disease. (Doc. 5, pp. 9–10.) Regardless of this new diagnosis, Plaintiff's claims still suffer the same deficiencies pointed out by the Eleventh Circuit. He only makes conclusory allegations and does not make any plausible claim that his underlying conditions are worsening to the extent that he is confronted with imminent danger of serious physical harm. Baez v. Moore, et al., No. 12-10373 -B, at p. 5. Furthermore, even if he did allege conceivable deterioration, he does not connect that deterioration to the manner in which he is receiving his pain medication. Id.; see also Wallace v. Strength, No. CV 109-039, 2009 WL 1406396 at *2 (S.D. Ga. May 19, 2009) (mere allegation of denial of pain medication insufficient to come within the imminent danger exception).

Additionally, Plaintiff does not allege that Defendants have disregarded any serious medical need. Rather, he merely takes issue with the manner of treatment that he is receiving. Specifically, he questions Defendants' medical decisions to dispense his pain medications in a crushed or dissolved form. When a Section 1983 medical care claim "turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Cty. Det. Ctr. Staff, 262 F. App'x 959, 964 (11th Cir. 2008) (quoting Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991)). "Deliberate indifference is not established where an inmate received care but desired different

3

modes of treatment." Id. While Plaintiff takes issue with the quality and mode of his treatment, his allegations do not rise to the level of a Constitutional violation necessary to maintain this Section 1983 action.

## CONCLUSION

For the reasons stated by the Magistrate Judge and for those above, Plaintiff's action is **DISMISSED**, and the Court **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal and to **CLOSE** this case.

**SO ORDERED**, this _18th_ day of April, 2016.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```