IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROBERTO BAEZ,

 Plaintiff,

v.

FNU JACKSON, and ROY SABINE,

 Defendants.

CIVIL ACTION NO.: 6:16-cv-5

## ORDER

Plaintiff, proceeding pro se, moves to proceed *in forma pauperis* on appeal. (Doc. 16.) However, the Court explicitly denied him leave to appeal *in forma pauperis* in its Order dismissing this case. (Doc. 8.) In that Order, the Court adopted the Magistrate Judge's conclusion that any appeal would not be taken in good faith. (Id. & doc. 3, pp. 9–10 (citing 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)). To the extent Plaintiff seeks reconsideration of that earlier denial, the Court discerns no good reason to disturb its prior Order.[1] Thus, the Court's February 22, 2016, Order remains the Order of the Court, and the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* on Appeal.[2]

---

[1] "Reconsideration may be necessary if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." Spencer v. St. Joseph's/Candler Health Sys., Inc., 2007 WL 1615117 at * 2 (S.D. Ga. June 4, 2007) (citing Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999)). None of those circumstances exist here.

[2] The Court also **DENIES** Plaintiff's Motion for Judicial action as **MOOT**. Though that Motion was filed before the Court dismissed this case, it is still pending on the Court's docket.

Even if Plaintiff were granted permission to proceed *in forma pauperis* on appeal, he would still be required to pay the appellate filing fee of $505.00.[3] Plaintiff's instant Motion does not include an affidavit and consent form, and it does not reference the appellate filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to execute and return to the Clerk of this Court the AFFIDAVIT and CONSENT FORM. In the event the Court of Appeals grants Plaintiff *in forma pauperis* status, this consent form authorizes payment of the required $505.00 appellate filing fee from Plaintiff's prison account to the district court. The Clerk of Court is **DIRECTED** to include copies of these forms with Plaintiff's service copy of this Order.

**SO ORDERED**, this 14th day of June, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] 28 U.S.C. § 1915(b)(1) could be read to require the assessment of appellate filing fees and the collection thereof from a prisoner's trust fund account at the time he files a notice of appeal or the consent to collection of fees. However, that statute provides for the collection of fees if a prisoner "files an appeal *in forma pauperis*." 28 U.S.C. § 1915(b)(1). Because the Court denies Plaintiff leave to appeal *in forma pauperis*, it appears he has not "file[d] an appeal *in forma pauperis*." See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."). Giving Plaintiff the benefit of the ambiguity, the Court will not assess the appellate filing fees unless the Court of Appeals grants Plaintiff leave to appeal *in forma pauperis* or unless this Court is otherwise directed to assess the filing fees by the Court of Appeals.